UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CLARENCE FERRIS,<br><br>Plaintiff,<br><br>vs.<br><br>DON HENDRICK, Chief of Police, in his individual and official capacity; BRENDAN LENARD, Officer, in his individual and official capacity; CHARLES THIBAULT, Officer, in his individual and official capacity; CONNOR AUTEBERRY, Officer, in his individual and official capacity, RAPID CITY POLICE DEPARTMENT,<br><br>Defendants. | 5:22-CV-05002-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Clarence Ferris, an inmate[1] at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983.[2] Docket 1. Ferris moves for leave to proceed in forma pauperis and included a prisoner trust account report. Dockets 2, 3.

---

[1] Ferris does not provide facts regarding the reason why he is detained at the Pennington County Jail or his expected release date. *See* Docket 1. The court will treat him as a pretrial detainee because he was incarcerated at a county jail when he filed the present action. *See* Docket 8 at 1.

[2] Ferris marked the *Bivens* action box in his complaint and did not mark the 42 U.S.C. § 1983 action box. Docket 8 at 1. *Bivens* actions are reserved for when a federal official has violated a plaintiff's Constitutional rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because defendants are city employees and not federal officials, Ferris's *Bivens* action is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). This court will construe Ferris's lawsuit as a § 1983 action.

I.   **Motion for Leave to Proceed in Forma Pauperis**

Ferris reports average monthly deposits of $0 and an average monthly balance of $0. Docket 3 at 1. Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Ferris's prisoner trust account, the court grants Ferris leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Ferris must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution

to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Ferris's institution. Ferris remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.   1915A Screening

### A.   Factual Background

The facts alleged in Ferris's complaint are: that Charles Thibault, Brendan Lenard, and Connor Auteberry, officers with the Rapid City Police Department, used excessive force when they tased him multiple times instead of handcuffing him while he had his hands up. Docket 1 at 3. He claims that Thibault and Lenard "used bad judgment pertaining to the situation assuming it was the man who was being the aggressor" and that this constituted discrimination. *Id.* at 4. He also claims that Thibault and Lenard wrote false statements in their reports that justified their use of force. *See id.* at 5.

Ferris brings claims for excessive force and discrimination, and he also accuses Thibault and Lenard of perjury. *Id.* at 3-5. He sues all individual

3

defendants in their individual and official capacities. *Id.* at 1. He also brings these claims against the Rapid City Police Department. Docket 8 at 1. Ferris alleges that he suffered embarrassment and trauma for which he now takes medication, although he does not allege physical injury. Docket 1 at 3-5. He asks for an investigation into the Rapid City Police Department's use of excessive force against the community. *Id.* at 6. He also seeks five million dollars as compensation for his pain and suffering. *Id.*; Docket 7 at 1.

### B.   Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption

4

that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

    **C.**    **Legal Analysis**

        **1.**    **Claims Against the Rapid City Police Department**

Ferris brings claims against the Rapid City Police Department. Docket 8 at 1. The Eighth Circuit Court of Appeals has held that police departments are not juridical entities that are suable under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Further, "vicarious liability is not actionable under 42 U.S.C. § 1983." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978)). Thus, Ferris's claims against the Rapid City Police Department are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### 2.   Official Capacity Claims for Money Damages

Ferris brings claims against Hedrick,[3] Lenard, Thibault, and Auteberry in their official capacities for money damages. Docket 1 at 1. These defendants were all employees of the Rapid City Police Department at the time of the incident in question. *Id.* "A suit against a government officer in his [or her] official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Ferris's official capacity claims against Hedrick, Lenard, Thibault, and Auteberry are equivalent to claims against Rapid City.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

---

[3] Ferris names Don Hendrick, Chief of Police, as a defendant in this lawsuit. Docket 1 at 1. In other filings, he has referred to this defendant as Don Hedricks, Don Hendricks, and Don Hedrick. Docket 5 at 1; Docket 6 at 1; Docket 8 at 1. Ferris has also filed a motion to correct his complaint, alleging that Don Hedricks is the correct name. Docket 6 at 1. The Chief of Police's actual name is Don Hedrick. Ferris's motion to correct is denied because Don Hedricks is not his actual name. The court will refer to the Chief of Police by his actual name in this opinion.

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Ferris fails to allege facts that support the existence of an unconstitutional policy or custom. Although he claims that the Rapid City Police Department has used excessive force against the community, he provides no factual allegations to support these claims. *See* Docket 1 at 6. Thus, his claims against Hedrick, Lenard, Thibault, and Auteberry are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

7

### 3. Official Capacity Claims for Injunctive Relief and Individual Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Ferris's individual capacity claims must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

#### a. Claims against Don Hedrick

Ferris brings claims against Hedrick in his individual capacity and in his official capacity for injunctive relief. *See* Docket 1 at 1. Although Ferris alleges that actions taken by Lenard, Thibault, and Auteberry violated his rights, he makes no allegations regarding actions taken by Hedrick. *See id.* at 3-5. Further, he makes no allegations regarding Hedrick's failure to train or supervise Lenard, Thibault, and Auteberry. Under *Parrish*, an officer is only liable for a constitutional violation if he "directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish*, 594 F.3d at 1001 (cleaned up). Thus, Ferris's

8

claims against Hedrick in his individual capacity and in his official capacity for injunctive relief are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### b.   Fourth Amendment Excessive Force Claims

Ferris brings excessive force claims against Lenard, Thibault, and Auteberry in their individual capacities and in their official capacities for injunctive relief. *See* Docket 1 at 1, 3. The Fourth Amendment guarantees the right to be free from excessive force during an arrest.[4] *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). The United States Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' " *Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017) (quoting *Graham*, 490 U.S. at 397).

"[A] citizen may prove an unreasonable seizure based on an excessive use of force without necessarily showing more than *de minimis* injury . . . ." *Chambers v. Pennycook*, 641 F.3d 898, 901 (8th Cir 2011). The Eighth Circuit

---

[4] Ferris does not specifically allege that the defendants tased him during an arrest. *See* Docket 1 at 3-5. Because Ferris filed this complaint from the Pennington County Jail following his interaction with police officers, this court assumes for the purposes of screening that this interaction was an arrest.

9

has found that when a plaintiff pursues an excessive force claim, "the necessary level of injury is actual injury." *Dawkins v. Graham*, 50 F.3d 532, 535 (8th Cir. 1995). In *Dawkins*, while some of the plaintiffs suffered physical injuries, one plaintiff only suffered from posttraumatic stress disorder as a result of the alleged conduct. *Id.* The *Dawkins* court found that the plaintiffs, including the one with posttraumatic stress disorder, suffered actual injuries. *Id.*; *see also Wilson v. Lamp*, 142 F. Supp. 3d 793, 805 (N.D. Iowa 2015) ("Although almost all excessive force claims in the Eighth Circuit are based on the unreasonableness as to the infliction of physical injury, this is not a requirement.").

Here, Ferris alleges that the force used was not objectively reasonable. *See* Docket 1 at 3. He alleges that Lenard, Thibault, and Auteberry tased him multiple times while he had his hands up and could have been handcuffed instead, causing him embarrassment and trauma for which he takes medication. *See id.* at 3. Under *Dawkins*, Ferris need not allege physical injury to satisfy the actual injury requirement. 50 F.3d at 535. Thus, Ferris's claims for excessive force in violation of his Fourth Amendment rights against Lenard, Thibault, and Auteberry in their individual capacities and in their official capacities for injunctive relief survive § 1915A screening.

        **c.**      **Fourteenth Amendment Equal Protection Claims**

Ferris alleges that Thibault and Lenard discriminated against him by assuming that he was the aggressor when they encountered him because he is male. *See* Docket 1 at 4. Construing his complaint liberally, Ferris brings

10

Fourteenth Amendment Equal Protection claims against Thibault and Lenard in their individual capacities and in their official capacities for injunctive relief. *See id.* at 1, 4.

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). A plaintiff must first demonstrate that he was treated "differently than others who were similarly situated to [him]." *Id.*; *see also In re Kemp*, 894 F.3d 900, 909-10 (8th Cir. 2018) (finding that "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection" (alteration in original) (quoting *Klinger*, 31 F.3d at 731)). An equal protection violation also requires "an intent to discriminate." *In re Kemp*, 894 F.3d at 910; *see also Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012) ("In the absence of any allegations of intentional discrimination, we therefore concluded the Equal Protection Clause did not provide a ground for relief for appellant's section 1983 race discrimination claim.").

Here, Ferris fails to allege facts sufficient to state a claim against Thibault and Lenard for violation of his Fourteenth Amendment right to equal protection of the laws. *See* Docket 1 at 4. Ferris claims that Thibault and Lenard used "bad judgment" in assuming that he was the aggressor because of his gender. *Id.* But Ferris makes no allegations regarding who he was interacting with at the time that he was approached and tased by Thibault and Lenard. *See id.* Thus, he makes no showing that he was treated differently than

11

a similarly situated individual, nor does he show an intent to discriminate on the part of Thibault and Lenard. Ferris's Fourteenth Amendment equal protection claims against Thibault and Lenard in their individual capacities and in their official capacities for injunctive relief are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### d. Fourteenth Amendment Due Process Claims

Ferris alleges that Thibault and Lenard wrote false statements in their reports in order to justify their use of force against him. *See id.* at 5. Construing his complaint liberally, Ferris brings Fourteenth Amendment due process claims against Thibault and Lenard in their individual capacities and in their official capacities for injunctive relief. *See id.* at 1, 5.

The Eighth Circuit has recognized a due process claim against "reckless or intentional failure to investigate that shocks the conscience[.]" *Akins v. Epperly*, 588 F.3d 1178, 1184 (8th Cir. 2009). This claim applies when officials' conscience-shocking failure to investigate results in the denial of a criminal defendant's "interest in obtaining fair criminal proceedings[.]" *See id.* at 1183 n.2 (quoting *Wilson v. Lawrence County*, 260 F.3d 946, 956 n.8 (8th Cir. 2001)). A criminal defendant can bring such a claim in the following circumstances: "(1) evidence that the state actor attempted to coerce or threaten the defendant, (2) evidence that investigators purposefully ignored evidence suggesting the defendant's innocence, (3) evidence of systematic pressure to implicate the defendant in the face of contrary evidence." *Id.* at 1184.

12

Here, Ferris claims that Thibault and Lenard "wrote false statements" that claimed Ferris "raised [his] fists at them" and "took an aggressive stance." Docket 1 at 5. Ferris makes no showing that he has been denied his ability to obtain fair criminal proceedings by Thibault and Lenard, and the three circumstances identified by *Akins* as appropriate for a failure to investigate claim do not apply. *See id.* Thus, Ferris's Fourteenth Amendment due process claims against Thibault and Lenard in their individual capacities and in their official capacities for injunctive relief are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### III.   Motion to Appoint Counsel

Ferris moves for appointment of counsel. Docket 5. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." When determining whether to appoint counsel to a pro se litigant, the Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). Here, Ferris's claims do not appear to be factually or legally complex. Because this court believes that Ferris can adequately present his claims at this time, his motion to appoint counsel (Docket 4) is denied.

Thus, it is ORDERED:

1. That Ferris's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That Ferris's motion to appoint counsel (Docket 5) is denied.

3. That Ferris's motion to amend/correct title (Docket 6) is denied.

4. That Ferris's Fourteenth Amendment excessive force claims against Lenard, Thibault, and Auteberry in their individual capacities and in their official capacities for injunctive relief survive § 1915A screening.

5. That Ferris's claims against Hedrick in his individual and official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. That all of Ferris's other claims against the remaining defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

7. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Ferris so that he may cause the complaint to be served upon defendants Lenard, Thibault, and Auteberry.

8. That Ferris shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Lenard, Thibault, and Auteberry. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

9. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1), the cover sheet of the complaint (Docket 8), and this order, upon defendants Lenard, Thibault, and Auteberry.

10. Defendants Lenard, Thibault, and Auteberry will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

11. Ferris will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated May 9, 2022.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE